**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTOINETTE BUGGS,

    Plaintiff,

v.

FCA US, LLC, a Delaware Limited Liability
Company, and DONNA LANGFORD REED,
an individual,

    Defendants.

Case No:
Honorable

_____

ERNST CHARARA & LOVELL, PLC
Kevin S. Ernst (P44223)
Stephen M. Lovell (P80921)
Attorneys for Plaintiff
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
stephen@ecllawfirm.com

_____

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

_____

## COMPLAINT AND JURY REQUEST

Plaintiff Antoinette Buggs, by and through counsel Ernst Charara & Lovell, PLC, states as follows for her Complaint against the above-named Defendants:

## JURISDICTION AND VENUE

1. Plaintiff Antoinette Buggs is a female residing in Detroit, Wayne County, Michigan.

2. Plaintiff was at all times relevant to this Complaint employed by Defendant FCA US, LLC in its Jefferson North Assembly Plant, located at 2101 Conner Avenue, Detroit, Michigan 48215.

3. Defendant FCA US, LLC is a Delaware Limited Liability Company with registered agent The Corporation Company located in South Lyon, Michigan. Defendant FCA US, LLC regularly and systematically conducts part of its general business in Wayne County and Oakland County, Michigan. Further, Defendant FCA US, LLC employs thousands of employees throughout the state of Michigan, largely in Wayne County, Michigan.

4. Defendant Donna Langford Reed is an individual residing, upon information and belief, in Wayne County, Michigan. At all relevant times, Defendant Langford Reed was an employee of Defendant FCA US, LLC and was Plaintiff's direct supervisor, with the authority to hire, fire, and substantially alter Plaintiff's work schedule and other terms and conditions of Plaintiff's employment.

5. The transactions and occurrences giving rise to this action took place in Wayne County, Michigan.

6. The amount in controversy exceeds this Court's jurisdictional requirement.

7. Plaintiff received a right to sue letter from the EEOC pursuant to the Americans with Disabilities Act on October 30, 2019.

**FACTUAL ALLEGATIONS**

8. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

9. Plaintiff began her employment with Defendant FCA US, LLC as a temporary worker in 2015 at its Jefferson North Assembly Plant.

10. Over the course of her employment, Plaintiff was an exemplary employee.

11. Unfortunately, in 2016, Plaintiff developed work related hand injuries and was diagnosed with bilateral carpal tunnel syndrome. As a result, Plaintiff was placed on various work restrictions regarding use of her hands.

12. These work restrictions were provided by a licensed physician and were made explicitly known to Defendant FCA US, LLC, as well as Plaintiff's direct supervisors.

13. Despite her limitations, Plaintiff continued to perform satisfactorily and was promoted to permanent work status in March 2018.

14. However, as a result of Plaintiff's restrictions that were known to Defendant FCA and Plaintiff's supervisors, Plaintiff began suffering harassment related specifically to her injured hands and wrists.

15. Plaintiff's direct supervisor, Defendant Donna Langford Reed, began to constantly single out Plaintiff, scrutinizing her work performance and forcing her to continue working through pain and further injury.

16. On numerous occasions, Plaintiff requested to receive medical care for her wrists, but Defendant Langford Reed either delayed or outright refused to allow Plaintiff to receive medical treatment for her injured hands and wrists.

17. Further, Defendants would often force Plaintiff to work through the pain of her carpal tunnel, exacerbating the injuries.

18. On June 14, 2018, Plaintiff submitted a formal request for an accommodation related to her carpal tunnel limitations.

19. Throughout 2018, Plaintiff filed numerous complaints with Defendant FCA US, LLC's human resources department, but nothing was done to remedy the situation or change Defendant Langford Reed's hostile and intimidating behavior towards Plaintiff.

20. As a result of being forced to repeatedly work past the point of pain and carpal tunnel exacerbation, in April 2019, Plaintiff suffered additional work injuries and was diagnosed with cervical radiculopathy of the right arm, which the doctor noted was "likely aggravated by her repetitive work." The doctor further recommended that Plaintiff be transferred to another department for three months and restricted her from lifting heavy weight or using a drill.

21. Despite being injured again as a result of being forced to work without medical treatment or accommodation, and despite Plaintiff's restrictions that were imposed by her treating physician, Plaintiff's treatment by Defendants, specifically Defendant Langford Reed, did not change.

22. Langford Reed continued to berate Plaintiff, singling her out, subjecting her work performance to unnecessarily heightened scrutiny, and verbally harassing her.

23. Further, Defendants restricted Plaintiff's hours, drastically reducing her earning capacity despite her ability to perform her work responsibilities subject to reasonable accommodation.

24. Defendants also instituted disciplinary proceedings against Plaintiff, despite Plaintiff's satisfactory work performance subject to her known work restrictions.

25. After Plaintiff filed for FMLA leave in mid-2019, Defendants instituted disciplinary proceedings against Plaintiff.

26. On August 24, 2019, Plaintiff was suspended pending investigation for an alleged violation of a work rule. Plaintiff was accused of providing false and/or misleading information to the company related to her FMLA request.

27. Four days later, after an allegedly "thorough investigation conducted by Management," Plaintiff was ultimately terminated from her position on August 28, 2019.

28. As a result of Defendants actions, Plaintiff suffered the following injuries and damages:

    a. Stress and anxiety;

    b. Humiliation and mortification;

    c. Reduction in work hours and termination;

    d. Non-economic damages;

    e. Economic damages;

    f. Attorney fees and costs; and

    g. All other injuries to be discovered throughout discovery.

## COUNT I
## VIOLATION OF THE PERSONS WITH DISABILITIES
## CIVIL RIGHTS ACT M.C.L. §37.1101
*Disparate Treatment*

29. Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

30. Plaintiff has a disability which has and does substantially limit her major life activities.

31.   Plaintiff was also regarded as having a disability by Defendants.

32.   Plaintiff is qualified and able to fulfill the requirements of the positions that she applied for with reasonable accommodations.

33.   Plaintiff suffered an adverse employment action by and through Defendants' discrimination.

34.   Plaintiff continues to suffer emotional distress and has suffered pecuniary losses and non-pecuniary damages.

### COUNT II
### VIOLATION OF THE PERSONS WITH DISABILITIES
### CIVIL RIGHTS ACT M.C.L. §37.1602
*Retaliation*

35.   MCL §37.1602 provides that

> A person or 2 or more persons shall not do the following:
>
> a) Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act.

36.   Plaintiff was retaliated against and subjected to adverse employment actions, including but not limited to eventual termination, as a result of asserting her civil rights by filing an EEOC complaint and for requesting FMLA leave due to her disability.

37.   As a result of the actions of the Defendant, Plaintiff has suffered and will continue to suffer injuries and damages.

### COUNT III
### VIOLATION OF THE PERSONS WITH DISABILITIES
### CIVIL RIGHTS ACT M.C.L. §37.1101
*Failure to Accommodate*

38.   Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

39. Plaintiff has a disability which has and does substantially limit major life activities.

40. Plaintiff was also regarded as having a disability by her employer, Defendant.

41. Plaintiff was able to fulfill the essential duties of her job with accommodation.

42. At the time Plaintiff was terminated, Defendant refused to provide Plaintiff with accommodations, including medical treatment and honoring her physician-imposed work restrictions.

43. Plaintiff suffered an adverse employment action, including a reduction in hours and her eventual termination.

44. Defendants discriminated against Plaintiff by refusing to reasonably accommodate Plaintiff's disability.

45. As a result of Defendant's discriminatory conduct, Plaintiff suffered and continues to suffer damages.

## COUNT IV
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. 126 § 12101, *et seq*
*Disparate Treatment*

46. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

47. Plaintiff has a disability which has and does substantially limit her major life activities.

48. Plaintiff was also regarded as having a disability by Defendants.

49. Plaintiff is qualified and able to fulfill the requirements of the positions that she applied for with reasonable accommodations.

50. Plaintiff suffered an adverse employment action by and through Defendants' discrimination.

51. Plaintiff continues to suffer emotional distress and has suffered pecuniary losses and non-pecuniary damages.

## COUNT V
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. 126 § 12101, *et seq*
*Retaliation*

52. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

53. Plaintiff was retaliated against and subjected to adverse employment actions, including but not limited to eventual termination, as a result of asserting her civil rights by filing an EEOC complaint.

54. As a result of the actions of the Defendant, Plaintiff has suffered and will continue to suffer injuries and damages.

## COUNT VI
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. 126 § 12101, *et seq*
*Failure to Accommodate*

55. Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

56. Plaintiff has a disability which has and does substantially limit major life activities.

57. Plaintiff was also regarded as having a disability by Defendants.

58. Plaintiff was able to fulfill the essential duties of her job with accommodation.

59. At the time Plaintiff was terminated, Defendant refused to provide Plaintiff with accommodations, including medical treatment and honoring her physician-imposed work restrictions.

60. Plaintiff suffered an adverse employment action, including a reduction in hours and her eventual termination.

61. Defendants discriminated against Plaintiff by refusing to reasonably accommodate Plaintiff's disability.

62. As a result of Defendant's discriminatory conduct, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff request that this Court enter judgment against Defendants, providing the following relief:

    a. Back-pay, with prejudgment interest;

    b. Front-pay;

    c. Compensatory damages in whatever amount that Plaintiff is found to be entitled;

    d. Reinstatement of Plaintiff's employment position;

    e. Punitive damages;

    f. An award of reasonable attorney's fees, expenses, and costs;

    g. Other appropriate nondiscriminatory measures to overcome the above described discrimination; and

    h. Such other and further relief that the Court deems appropriate.

                                             Respectfully submitted,

                                        */s/ Stephen M. Lovell*
                                        Stephen M. Lovell (P80921)
                                        Ernst Charara & Lovell, PLC
                                        Attorneys for Plaintiff

Dated: January 28, 2020

## JURY REQUEST

      Plaintiff, by and through counsel, hereby requests a trial by jury in the above-captioned matter.

                                        Respectfully submitted,

                                        */s/ Stephen M. Lovell*
                                        Stephen M. Lovell (P80921)
                                        Ernst Charara & Lovell, PLC
                                        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES THAT THE FOREGOING INSTRUMENT WAS SERVED UPON ALL PARTIES TO THE ABOVE CAUSE TO EACH OF THE ATTORNEYS OF RECORD HEREIN AT THEIR RESPECTIVE ADDRESSES DISCLOSED IN THE PLEADINGS ON 1/28/20, BY:

      __U.S. MAIL                    __ EMAIL
      ___FAX                            __ FEDERAL EXPRESS
      ___HAND DELIVERY     _X_ MI FILE & SERVE SIGNATURE

                                */s/ Deanna Denby*
                                Deanna Denby