**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTOINETTE BUGGS,

Plaintiff,

CASE NO.: 20-CV-10218

HON. NANCY G. EDMUNDS

v.

FCA US, LLC, a Delaware Limited Liability Company,

Defendant.

---

STEPHEN M. LOVELL (P80921)
**ERNST, CHARARA & LOVELL**
Attorney for Plaintiff
645 Griswold Street – Suite 4100
Detroit, MI 48226
PH: (313) 965-5555
FAX: (313) 965-5556
stephen@ecllawfirm.com

S. RAE GROSS (P42514)
**OGLETREE, DEAKINS, NASH SMOAK & STEWART, PLLC**
Attorneys for Defendant FCA US, LLC
34977 Woodward Ave., Suite 300
Birmingham, MI 48009
PH: (248) 593-6400
FAX: (248) 283-2925
rae.gross@ogletree.com

---

**<u>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff claims that Defendant: (1) terminated her employment on August 28, 2019 in violation of the Americans With Disabilities Act (ADA) and Michigan Persons With Disabilities Civil Rights Act (PWDCRA) and (2) failed, at times, to accommodate her intermittent carpal tunnel-related work restrictions prior to June 5, 2019, when she was placed in a special Quality assignment. There is no genuine issue of fact material to Plaintiff's termination or failure to accommodate claims.

**I. Termination Claims.**

**A. Discrimination**. To establish a *prima facie* termination claim under the ADA or PDWCRA, in addition to showing that she is disabled and is otherwise qualified for the position with or without reasonable accommodation, Plaintiff bears the burden of proving her disability was the "but for" cause of her termination. *Lewis v. Humboldt Acquisition Corp*., 681 F.3d 312, 318 (6th Cir. 2012).[1] Even assuming Plaintiff could show she was disabled and otherwise qualified,[2] she offers no credible evidence suggesting that but for having carpal tunnel syndrome, she would not have been terminated for submitting false information in violation of the Company's written Standards of Conduct. Nor does she offer any evidence to suggest that Defendant's purported failure to

[1] The PWDCRA substantially mirrors the ADA and the Sixth Circuit generally analyzes ADA and PWDCRA claims the same way. See *Donald v. Sybra, Inc*., 667 F.3d 757, 764 (6th Cir. 2012)

[2] As of her termination, Plaintiff's work restrictions were fully accommodated; however, she was no longer "qualified" for employment due to her violation of Defendant's Standards of Conduct.

accommodate her disability lead to her termination. To the contrary, it is undisputed that on or about June 5, 2019 (almost three months prior to her discharge on August 28, 2019), Plaintiff was transferred to a special assignment in Quality where her sporadic carpal tunnel work restrictions were wholly accommodated and where she no longer reported to Donna Reed, the supervisor she claims periodically assigned her to assembly line positions inconsistent with her restrictions. (FCA Brief, ECF No. 20, PageID.263-264 and testimony cited therein). Moreover, as Plaintiff concedes, the altered FMLA Certification was submitted at a time when she was not even on a "demanding job" for which she required FMLA leave. (ECF No. 23, PageID.532).

Even if Plaintiff could meet her *prima facie* burden, Defendant has articulated a legitimate, non-discriminatory reason for the termination – namely its good faith determination that Plaintiff violated its Standards of Conduct by altering her doctor's FMLA Certification to insert a claim duration date through "12-28-19," falsifying her doctor's initials on the changes, and submitting the form. *See, Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981)* (the employer's burden is satisfied by explaining what it has done or producing evidence of legitimate nondiscriminatory reasons).

Plaintiff has the burden to demonstrate that the legitimate reason proffered for her discharge was not Defendant's true reason, but rather a pretext for disability

discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Pretext can be established by showing that Defendant's articulated reason: (1) has no basis in fact, (2) did not actually motivate its decision to terminate, or (3) is insufficient to warrant termination. *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 286 (6th Cir. 2012). Plaintiff claims that Defendant's stated reason for her termination has no basis in fact, however, she offers no evidence other than merely denying her involvement. She offers no alternative explanation as to who altered the Certification and forged her doctor's initials. Plaintiff argues that Defendant's investigation was flawed because it did not attempt to trace the fax number from which the form was sent. However, Plaintiff's contention that tracing the fax number would have somehow absolved her of any involvement is speculative and unsupported by citation to any testimony or record evidence.

The Sixth Circuit applies the honest belief rule at the pretext stage of the analysis of discrimination claims. *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001). An employer establishes an "honest belief" if the employer "reasonably relied on the particularized facts that were before it at the time the decision was made." *Id.* Under the honest belief rule, Plaintiff cannot establish that the reason was pretextual simply by asserting that it was incorrect. *Id.* The rule does not require "… the decisional process used by the employer be optimal ***or that it left no stone unturned***. Rather, the key inquiry is whether the

employer made a reasonably informed and considered decision before taking an adverse employment action." *Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998) (emphasis added)(citation omitted). *See, Seeger, supra* at 286 (affirming summary judgment despite allegation that employer's investigation failed to clarify evidence). Here, Defendant made a reasonably informed decision after obtaining written confirmation from Plaintiff's doctor that he did not change the form and after affording Plaintiff an opportunity to provide an explanation, which she was – and remains – unable to do. Plaintiff must show "more than a dispute over the facts upon which the [employment action] was based." *Braithwaite v. The Timken Co*., 258 F.3d 488, 494 (6th Cir. 2001).

Plaintiff likewise offers no evidence to demonstrate that Defendant's proffered reason did not actually motivate the discharge. The investigation of alterations to Plaintiff's FMLA Certification was triggered at Defendant's corporate headquarters, prompted by an inquiry from Sedgwick (the third party FMLA administrator) to the doctor. It is undisputed that Supervisor Reed (the only person Plaintiff claims "harassed" her) had no involvement in the investigation and was no longer Plaintiff's supervisor at the time. Similarly, Plaintiff offers no evidence that submission of an altered FMLA Certification is insufficient to warrant termination. She does not rebut the testimony of FCA witnesses that numerous other employees have been discharged for the very same conduct.

(Stebbins, ECF N.20, Page.ID 466) There is no triable issue of pretext with respect to Plaintiff's termination.

**B. Retaliation.** Plaintiff also claims she was discharged in retaliation for engaging in protected activity under the ADA/PWDCRA. Plaintiff offers no direct evidence of retaliatory discharge. Her claims are therefore subject to the *McDonnell Douglas* burden-shifting analysis. To establish a *prima facie* case, Plaintiff must establish that: (1) she engaged in protected activity, (2) Defendant knew of her protected activity, (3) Defendant thereafter took adverse action against her, and (4) there is a causal connection between the protected activity and the adverse action. *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014).

Plaintiff points to protected activity in the form of alleged verbal complaints about her restrictions not being accommodated, various "voluntary written statements" (which she admitted in deposition were provided only to her Union[3]) and the EEOC Charge she filed in September 2018, almost a year prior to her discharge. This is insufficient to establish causation. The investigation that lead to Plaintiff's discharge was triggered by the actions of a Sedgwick representative. (Stebbins, ECF N.20, PageID 465-466) There is no showing that Sedgwick was ever aware of the EEOC Charge or any of Plaintiff's alleged complaints. There is also no showing that Anne Stebbins, Defendant's FMLA manager at corporate

[3] Buggs, pp. 76, 177, 184, 200, ECF No. 20-2, PageID.302, 321-329, 333.

headquarters who directed plant Labor Relations representatives to question Plaintiff about the FMLA Certificate, had knowledge of anything other than Plaintiff's complaint that she was not allowed to go home fast enough after notifying her union team lead that she wanted to "FMLA out" mid-shift.[4]

Even assuming Plaintiff could make a *prima facie* retaliation claim, she cannot defeat summary judgment with respect to her termination because she has not presented evidence that would permit a reasonable juror to conclude that Defendant's legitimate, non-discriminatory reason for her termination was a pretext for retaliation. Plaintiff's only pretext arguments are those addressed previously in connection with her disability-based termination claim and they fail for the same reasons discussed above.

## II. Failure to Accommodate.

Plaintiff argues that prior to her June 2019 transfer to Quality (which incontrovertibly accommodated all her restrictions), FCA periodically failed to accommodate her intermittent lifting and vibratory tool restrictions. However, the record evidence demonstrates that FCA worked to meet Plaintiff's ever-changing restrictions, within the confines of her low seniority and the collective bargaining agreement. Plaintiff acknowledges that per the CBA, she was expected to be able to fulfill at least three of the roles on her assembly line team. (Plaintiff's

[4] The FMLA complaint is not protected activity under the ADA/PWDCRA and Plaintiff has not asserted any claim for FMLA interference or retaliation.

Response, ECF No. 23, PageID.527). Plaintiff's testimony establishes that she was at various times unable to perform any of the assembly line jobs that she had sufficient seniority to hold.[5] At those times, Defendant provided Plaintiff with leave (initially unpaid and FMLA upon her attaining eligibility) instead of terminating her employment when there was no work she was able to perform. Leave constitutes a reasonable accommodation in such circumstances. *See*, *Cehrs v. Northeast Ohio Alzheimer's Research Center*, 155 F.3d 775, 782 (6th Cir. 1998). Moreover, when work that was not subject to seniority-based bidding became available, she was transferred off the assembly line to a Quality job – from which she chose to submit a doctored FMLA Certificate.

Defendant requests the Court dismiss Plaintiff's claims in their entirety.

Respectfully submitted,

s/ Sharon Rae Gross
Sharon Rae Gross (P42514)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
(248) 593-6400
rae.gross@ogletree.com

Dated: July 26, 2021

[5] See Defendant's Brief, ECF No. 20, PageID 269-273 and testimony cited therein.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2021, I electronically filed the foregoing document with the Clerk of the Court using the Court's e-filing system, which will send notification of such filing to all counsel of record.

s/ Sharon Rae Gross
SHARON RAE GROSS (P42514)
Ogletree, Deakins, Nash,
Smoak & Stewart, PLLC
Attorneys for Defendant FCA US, LLC
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
248-593-6400
rae.gross@ogletree.com

Dated: July 26, 2021